Argued 16 October; decided 23 October; rehearing denied 27 November, 1899.

## MARQUAM *v.* SEARS.

[58 Pac. 660.]

SHERIFF'S FEES — STATUTORY CONSTRUCTION.—Under the act of February 22, 1893 (Laws, 1893, p. 163, ₴ 9), a sheriff could not lawfully make any charge for serving a summons or a writ of attachment: *Northern Counties Trust* v. *Sears*, 30 Or. 388, followed.

From Multnomah : E. D. SHATTUCK, Judge.

This is an action by U. S. Grant Marquam to recover from Geo. C. Sears, formerly sheriff, certain fees which the latter exacted from sundry litigants for serving a summons and a writ of attachment in the year 1894. The plaintiff claims that under the act of 1893 (Laws, 1893, p. 163) the sheriff was obliged to serve papers in civil actions and suits without any compensation for so doing other than the salary provided by that act; while the defendant insists that he was by that act in duty bound to collect the fees provided by the fee bill of 1882, and pay them over to the county treasurer. There was a judgment for plaintiff, from which this appeal is taken.

AFFIRMED.

For appellant there was a brief over the names of *Lord & Potter* and *Dan J. Malarkey*, with an oral argument by *Mr. Malarkey*.

For respondent there was a brief and an oral argument by *Mr. U. S. Grant Marquam in pro per*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

In the month of October, 1894, certain actions were commenced in the Circuit Court of the State of Oregon for Multnomah County, wherein the sheriff of said county exacted of the plaintiffs therein the fees which he was formerly authorized to collect as compensation for his services under the law of October 26, 1882, for serving the summons and writ of attachment. This action is to recover from the sheriff the fees so exacted, which it is claimed were wrongfully and unlawfully demanded. The case comes here on demurrer to the complaint, and the defendant seeks to justify himself under the act of February 22, 1893 (Laws, 1893, p. 163), being an act to change in part the compensation and mode of payment of certain officers, including the sheriffs of the several counties of the state, which involves the construction of section 9 of said act. Prior to its passage, county clerks, sheriffs, and recorders were compensated mainly, if not entirely, by fees, paid in great measure by parties requiring their services, and the evident intention of this act was to put them upon salaries, to be paid by the counties. Some exceptions are made to this mode of payment, but the main purpose was as stated; in other words, the salary system was substituted for the fee system, in so far as it concerned the officers named, and all parties were relieved from the payment of fees, except as specifically retained and required by the provisions of the act. This is manifest from a cursory review of its several provisions. After providing, by sections 1, 2, 3, and 4, definite and fixed salaries, section 5 provides that they shall be audited and paid by the several counties to the respective parties entitled thereto, etc., and then follows an exception, where private parties may be required to pay for certain services rendered. Section 6 relates to additional compensation

for the services of the sheriff, and constitutes another exception to the manner of payment by the salary system. Section 7 provides that the coroner shall be entitled to the same fees now allowed the sheriff for the performance of services in an action, suit, or proceeding where the sheriff is a party, and the party paying the same is authorized to recover the amount thereof as disbursements from the adverse party; section 8, that it shall be the duty of the several clerks of the circuit and county courts of the state, at the time any suit, action, or proceeding for the enforcement of private rights, including appeals and writs of review, but not proceedings in probate matters, is instituted, to exact the sum of $5, and at the time of filing the answer, demurrer, or motion in any such action, suit, or proceeding the sum of $3, and at the time such suit, action, or proceeding comes on for hearing the further sum of $12, from the plaintiff or moving party, unless referred to a referee or upon trial of a demurrer. These amounts the clerk is required to pay into the county treasury, and the party prevailing in the suit, action, or proceeding is entitled to recover the amounts thus required to be paid, as disbursements.

Section 9 provides : "The several sums required to be paid by parties litigant to the respective officials in appeals, actions, suits, and proceedings, as provided for in the two preceding sections of this act, are intended to be in lieu of the fees such parties have heretofore been required to pay said officials in such matters, and also in lieu of the trial fee such parties were, prior to the adoption of this act, required by law to pay; and no such fees or trial fee last referred to shall hereafter be exacted from such parties in such cases. In all other cases, however, in which fees are allowed to county clerks, recorders of conveyances, clerks of the circuit and county courts, and sheriffs in civil matters, including fees in probate

proceedings, it shall be the duty of the said officials respectively to exact and receive from the parties required by law to pay the same ;'' and it is further provided that the officer thus exacting such fees shall pay them into the county treasury. We interpret the latter clause of section 9, as above quoted, which is the key to the situation, as if it read : In all other cases (or instances, it may be), or in all civil matters, other than those enumerated in section 8, viz., suits, actions, or proceedings for the enforcement of private rights, including appeals and writs of review, in which fees are allowed to the clerk, recorder, or sheriff, it shall be the duty of such officers to collect the fees, and turn the same into the county treasury. This· is in harmony with the cardinal purpose and the spirit of the act, to change the system of compensation of the officers named, and comports with the rule of strict construction, where fees are exacted of parties for the services of public officers. A very suggestive and persuasive feature leading to this interpretation is that, by section 7, the prevailing party may recover the fees paid the coroner as disbursements. So may he recover the amounts he is required to pay to the clerk in suits, actions, or proceedings, including appeals and writs of review, as disbursements, from the adverse party. But no provision is made by section 9 whereby he may have any fees, paid within the purview of that section, taxed as disbursements against the losing party ; and surely it was not intended to deprive the prevailing party of the recovery of any disbursements he is compelled to make in such suits, actions, or proceedings. This construction of the act is in harmony with that given it in the case of *Northern Counties Trust* v. *Sears*, 30 Or. 388 (35 L. R. A. 188, 41 Pac. 931). It was strongly urged that what was said on the subject in that case was not necessary to a disposition of the cause, and therefore was *obiter dictum*. But there was

a contention of like nature in that case, and the matter of the construction of said section was involved by such contention.   We are satisfied the construction then given is the better one, and are therefore constrained to adhere to it.   This affirms the judgment of the court below, and it is so ordered.    AFFIRMED.